# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMAR K. SCOTT,<br><br>Petitioner,<br><br>v.<br><br>GARY SWARTHOUT, WARDEN,<br><br>Respondent. | Case No. 1:13-CV-01804-LJO-SMS  HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND AN INVESTIGATOR<br><br>(Doc. 2) |

On November 1, 2013, Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. At the same time, Petitioner moved for appointment of counsel and an investigator.

No absolute right to appointment of counsel exists in habeas corpus proceedings. *See, e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir.), *cert. denied*, 358 U.S. 889 (1958). This is because the Sixth Amendment does not apply in habeas corpus actions, which are civil in nature. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Anderson*, 258 F.2d at 481. The Court need only appoint counsel "if the interests of justice so require." 18 U.S.C. § 3006A.

Even though no constitutional right to counsel applies in habeas actions, habeas petitioners retain a right to due process. *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). A district court only abuses its discretion by denying appointment of counsel if the case is so complex that due

process violations will occur without counsel. *See Bonin*, 999 F.2d at 429; *Chaney*, 801 F.2d at 1196.

That Petitioner has capably prepared a detailed position setting forth his six claims is abundant evidence that the case is not so complex as to require counsel. Petitioner does not disagree, contending only that if an evidentiary hearing were to be ordered, appointment of counsel and an investigator could expedite the matter. Since the Court denies Petitioner's motion without prejudice to his renewing it if future developments, such as the need for an evidentiary hearing, occur, no due process violation arises from denying Petitioner's motion now

Accordingly, the Court hereby DENIES without prejudice Petitioner's motion for appointment of counsel and an investigator.

IT IS SO ORDERED.

Dated:   **December 11, 2013**           **/s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE